GABRIELA CRUZ,

                Plaintiff,

                                        Case No. 26-cv-0146-bhl

   v.

USRX LLC,

                Defendant.

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

---

Plaintiff Gabriela Cruz, who is legally blind, alleges that Defendant USRX LLC violated her rights under Title III of the Americans with Disabilities Act (ADA) by failing to maintain a website that is accessible to legally blind users. (ECF No. 1.) Cruz seeks a declaration that USRX LLC violated Title III, a permanent injunction compelling USRX LLC to bring its website into compliance with the ADA, and the opportunity to recover her costs and attorneys' fees. (*Id.* at 19–20.) USRX LLC accepted service on February 10, 2026, but has never answered or otherwise appeared in the case. (*See* ECF No. 4.) On April 23, 2026, Cruz requested the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 5.) The Clerk entered default the following day, and Cruz then filed a motion for default judgment under Rule 55(b)(2). (ECF No. 7.) Because the defaulted facts establish USRX LLC's violation of the ADA, the Court will grant Cruz's motion for default judgment but will order only part of the relief she requests. Cruz is entitled to an injunction compelling USRX LLC to comply with the ADA, but her requests for additional relief are inappropriate. The Court will limit its judgment to an injunction compelling USRX LLC to comply with the ADA within 180 days.

## FACTUAL BACKGROUND[1]

Cruz is a legally blind resident of Milwaukee County in Wisconsin. (ECF No. 1 ¶¶2, 18–19.) She uses a screen-reading software program, which vocalizes visual information, to navigate the internet. (*Id.* ¶¶19, 23.) For the software to function, the website must be capable of being rendered into text. (*Id.* ¶24.) USRX LLC is a limited liability company that operates a public website, urbanskinrx.com.com, to provide consumers with access to various goods and services, including the ability to purchase skincare products, like cleansers, serums, moisturizers, and treatments for dark spots, uneven tone, and acne. (*Id.* ¶¶4, 20–21.) Cruz attempted to purchase a facial cleanser from USRX LLC's website but was unable to do so because the site is incompatible with her accessibility tools. (*Id.* ¶¶35, 40.)

## LEGAL STANDARD

"A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (quoting *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)). "Upon default, the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Id.* (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)).

## ANALYSIS

"Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1076 (7th Cir. 2013) (citing 42 U.S.C. §§12181–89). Cruz alleges that USRX LLC violated Title III by failing to develop and maintain its website to be accessible to legally blind individuals like herself. She seeks declaratory and injunctive relief, as well as the opportunity to recoup costs and attorneys' fees. USRX LLC has not responded to the complaint and is therefore in default. When a party is in default, the Court accepts the well-pleaded factual allegations in the complaint as true. *Wehrs*, 688 F.3d at 892. Before the Court can enter a default judgment against USRX LLC, however, it must examine whether the factual allegations in the complaint establish USRX LLC's liability on the legal claims contained in the complaint. *See* 10A Fed. Prac. & Proc. Civ. §2688.1 (4th ed.); *see also GS*

---

[1] These facts are derived from Cruz's complaint, (ECF No. 1), which the Court deems admitted due to USRX LLC's default, Fed. R. Civ. P. 8(b)(6); *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) ("When a court enters a default judgment as to liability, it must accept as true all factual allegations in the complaint, except those regarding the amount of damages.").

*Holistic, LLC v. S&S 2021 LLC*, Case No. 23-CV-697-JPS, 2023 WL 8238980, at *3 (E.D. Wis. Nov. 28, 2023).

Cruz asserts a claim under Title III of the ADA, which prohibits discrimination on the basis of disability in places of public accommodation. *See* 42 U.S.C. §12182(a); *Access Living of Metro. Chi. v. Uber Techs., Inc.*, 958 F.3d 604, 609 (7th Cir. 2020). To prevail on a Title III claim, Cruz must establish that (1) she is disabled under the ADA; (2) USRX LLC owns, leases, or operates a place of public accommodation; and (3) USRX LLC discriminated against her on the basis of her disability. *See McCabe v. Tire Web LLC*, No. 23-cv-459-pp, 2024 WL 4144200, at *4 (E.D. Wis. Sep. 11, 2024) (citing *Mohammed v. DuPage Legal Assistance Found.*, 781 F. App'x 551, 552 (7th Cir. 2019)).

Cruz alleges that she is legally blind. (ECF No. 1 ¶19.) This qualifies as a disability under the ADA. *See Tire Web*, 2024 WL 4144200, at *5; *see also McCabe v. Heid Music*, No. 23-CV-1215-JPS, 2024 WL 1174352, at *3 (E.D. Wis. Mar. 19, 2024) (citing *Colon v. HY Supplies, Inc.*, No. 22 CV 5915, 2023 WL 7666740, at *14 (N.D. Ill. Nov. 15, 2023)). Cruz further alleges that USRX LLC owns, operates, and controls a public retail website, through which it sells goods and services. (ECF No. 1 ¶¶20–21.) The Seventh Circuit has confirmed that "a place of public accommodation" includes websites offering goods or services for sale. *Morgan v. Joint Admin. Bd.*, 268 F.3d 456, 459 (7th Cir. 2001); *see also* 42 U.S.C. §12181(7)(E) (including "sales . . . establishment" as a place of public accommodation under the ADA). Cruz also alleges that she attempted to purchase a facial cleanser from USRX LLC's website but was unable to independently complete her purchase because the website was incompatible with the accessibility tools she utilizes to navigate the internet. (ECF No. 1 ¶40.) Taking her allegations as true, Cruz has established that USRX LLC discriminated against her on the basis of her disability by failing to make its website accessible to her. *See* 42 U.S.C. §12182(b)(2)(A)(ii)–(iii); *see also Tire Web*, 2024 WL 4144200, at *6; *Heid Music*, 2024 WL 1174352, at *4–5. Accordingly, Cruz's factual allegations, on which USRX LLC has defaulted, establish its liability under Title III.

For a remedy, Cruz asks that the Court: (1) enter an injunction directing USRX LLC to take specific steps to come into compliance with the ADA; (2) declare that USRX LLC's website violates Title III of the ADA; (3) "reserve jurisdiction" to determine reasonable attorneys' fees and costs; and (4) "find no damages inquest is necessary" because she seeks only injunctive relief. (ECF No. 7 at 7–8.) The Court will grant only a portion of Cruz's requested relief.

To merit injunctive relief, Cruz must show four things: (1) she has suffered an irreparable injury; (2) traditional remedies at law are inadequate to compensate for her injury; (3) the balance of hardships between her and USRX LLC tips in her favor; and (4) the public interest would not be disserved by a permanent injunction. *See LAJIM, LLC v. Gen. Elec. Co.*, 917 F.3d 933, 944 (7th Cir. 2019) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). Cruz has suffered an irreparable injury because USRX LLC's website is inaccessible to her. *See Tire Web*, 2024 WL 4144200, at *6. She has no other remedy at law because monetary damages are not available under Title III. *Id.* (citing *Scherr*, 703 F.3d at 1075). The balance of hardships weighs in Cruz's favor because, absent injunctive relief, she will be denied equal access to USRX LLC's products and services, while USRX LLC will only be required to expend some costs to bring its website into compliance with federal law. *See id.* at *7 (citing *Heid Music*, 2024 WL 1174352, at *7). And the public interest will be served by an injunction because the public has a strong interest in eliminating discrimination against individuals with disabilities. *Id.* (citing *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001)). Accordingly, the Court agrees that Cruz is entitled to injunctive relief. The Court is required to "tailor injunctive relief to the scope of the violation found." *e360 Insight.*, 500 F.3d at 604–05 (quoting *Nat'l Org. for Women, Inc. v. Scheidler*, 396 F.3d 807, 817 (7th Cir. 2005), *rev'd on other grounds*, 547 U.S. 9 (2006)). The facts alleged in Cruz's complaint demonstrate that USRX LLC has violated Title III of the ADA, and the Court will therefore enter an injunction requiring USRX LLC to bring its website into compliance with the ADA. If USRX LLC fails to comply with the injunction within 180 days, Cruz may bring suit to enforce it. *See Tire Web*, 2024 WL 4144200, at *7 (citing *Wright v. Thread Experiment, LLC*, No. 19-cv-1423-SEB-TAB, 2021 WL 243604, at *5 n.4 (S.D. Ind. Jan. 22, 2021)).

Cruz's remaining requests for relief will be denied. She asks the Court to declare that USRX LLC's "website violates Title III of the ADA." (ECF No. 7 at 7.) Cruz's briefing does not explain why she is entitled to declaratory relief, and this Court has concluded that declaratory relief is improper where, as here, the plaintiff seeks a declaration establishing past discrimination. *See McCabe v. Markwins Beauty Products Inc.*, No. 24-cv-1004-bhl, 2025 WL 1555372, at *3 (E.D. Wis. June 2, 2025) (collecting cases). Cruz next requests that the Court "[r]eserve jurisdiction to determine" her attorneys' fees and costs. (ECF No. 7 at 8.) But Federal Rule of Civil Procedure 54(d) governs how to move for attorneys' fees and costs, and Cruz is free to use it as she sees fit. Last, Cruz's request concerning damages is unnecessary. As already explained, monetary damages

are not available to private plaintiffs under Title III of the ADA, *see Heid Music*, 2024 WL 1174352, at \*5 (collecting cases), and Cruz acknowledges this, (ECF No. 7 ¶15). Accordingly, the Court will deny Cruz's remaining requests for relief.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff Gabriela Cruz's Motion for Default Judgment, ECF No. 7, is **GRANTED**. Her requested relief is **GRANTED in part** and **DENIED in part**. The Court will issue a permanent injunction ordering USRX LLC to bring its website into compliance with the ADA by separate order in compliance with *MillerCoors LLC v. Anheuser-Bush Cos.*, 940 F.3d 922 (7th Cir. 2019) and Federal Rule of Civil Procedure 65(d). All other requested relief is **DENIED**. The Clerk is directed to enter judgment in favor of Cruz.

Dated at Milwaukee, Wisconsin on July 17, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge